IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLIN DALE HUSLEY,<br>Reg. No. 35719-016,<br><br>    Plaintiff,<br><br>v.<br><br>DONNIE WAYNE BETHAL,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 2:23-cv-584-ECM-SMD<br>)              (WO)<br>)<br>)<br>) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 2, 2023, Plaintiff Olin Dale Husley filed a civil action in this court under 42 U.S.C. § 1983. (Doc. 1.) Although Husley filed a motion for leave to proceed *in forma pauperis* (Doc. 2), he submitted no information regarding his inmate account at the Butner Federal Medical Center, where he is incarcerated, so that the court could determine if he should be allowed to proceed *in forma pauperis*. On October 4, 2023, the court issued an order advising Husley that his case could not proceed absent his submission, by October 18, 2023, of his inmate account statement from Butner reflecting the average monthly balance in his prison account and the average monthly deposits to his account for the six-month period immediately preceding his filing of his complaint. (Doc. 3.) The court specifically cautioned Husley that his failure to comply with its order would result in a recommendation that his case be dismissed. (Doc. 3 at 1–2.)

To date, Husley has neither complied with nor responded to the court's October 4 order. Because Husley has failed to comply with the court's order by submitting his inmate

account information, the undersigned concludes that this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

And it is ORDERED that Plaintiff must file any objections to this Recommendation **by November 16, 2023**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) bars a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or

adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of November, 2023.

    /s/  Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE